1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| **GLENN ALLAN SILVERA,** | ) ) | |
| **Plaintiff,** | ) ) | **No. CV 16-9048 CJC (AJW)** |
| **v.** | ) ) | **MEMORANDUM AND ORDER DISMISSING COMPLAINT** |
| **LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY,** | ) ) ) | **WITHOUT PREJUDICE** |
| **Defendants.** | ) ) ) | |
| | ) | |

On December 6, 2016, plaintiff, proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C § 1983. On December 20, 2016, the complaint was dismissed without prejudice and with leave to amend. The order explained the deficiencies of the complaint and provided plaintiff with three options: plaintiff could file a first amended complaint attempting to correct the deficiencies described in the order; plaintiff could file a notice of intent not to amend; or plaintiff could do nothing. The order explained that plaintiff's failure to timely respond to the order would be deemed his consent to the dismissal of this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The order again warned: "**Plaintiff is cautioned that failure to respond within the time permitted by this order may result in dismissal of this action with prejudice.**" [Docket No. 4 at 7]. Plaintiff was provided twenty-one (21) days within which to respond. As of the date of this order, plaintiff has neither filed a response to the

1  order nor requested additional time within which to do so.

2  It is well-established that a district court may dismiss an action for failure to prosecute, failure to

3  follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); C. D. Cal.

4  Local R. 41-1; Link v. Wabash R.Co., 370 U.S. 626, 629-630 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th

5  Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.),

6  cert. denied, 506 U.S. 915 (1992); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam).

7  In determining whether to dismiss a case for failure to prosecute or failure to comply with court

8  orders or rules, a district court should consider the following five factors: (1) the public's interest in

9  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

10  defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of

11  cases on their merits. See  In re Phenylpropanolamine (PPA) Prod. Liability Litig.,460 F.3d 1217, 1226-

12  1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); Pagtalunan v. Galaza, 291 F.3d

13  639, 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003); see, e.g., Computer Task Group, Inc.

14  v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (failure to comply with discovery orders); Southwest Marine

15  Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007

16  (2001); Ferdik, 963 F.2d at 1260-61 (failure to comply with orders); Carey, 856 F.2d at 1441 (failure to

17  comply with local rule).  Regardless of whether a litigant's conduct is most properly characterized as a

18  failure to prosecute or as a failure to comply with court orders or rules, the applicable standard is the same.[1]

19  In this case, the first, second, and third factors favor dismissal. See  Pagtalunan, 291 F.3d at 642

20  (noting that the first factor – the public's interest in the expeditious resolution of litigation – "always favors

21  dismissal") (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); Edwards v. Marin

22  Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004) (discussing the second factor – the court's need to

23  manage its docket – and stating that when a plaintiff does nothing, "resources continue to be consumed by

24  a case sitting idly on the court's docket"); In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (stating

25  with regard to the third factor – the risk of prejudice – that in the absence of a showing to the contrary,

26  prejudice to defendants or respondents is presumed from unreasonable delay). Further, plaintiff was warned

27

28  [1]  Pro se litigants are bound by the federal and local rules. See C. D. Cal. Local R. 83-2.10.3;
Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007); Ghazali, 46 F.3d at 54.

1  that his failure to file either a first amended complaint or a notice of intent not to amend complaint within

2  the time allowed could lead to dismissal, so the fourth factor also supports dismissal. See In re PPA Prod.

3  Liability Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can

4  itself meet the 'consideration of alternatives' requirement.").

5       The fifth factor – the public policy favoring disposition of cases on their merits – weighs against

6  dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d

7  393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a

8  litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at

9  a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1452 (quoting

10  Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that

11  obligation.

12       Consideration of the relevant factors support the conclusion that dismissal is warranted. See Valley

13  Eng'rs Inc. v. Elec.Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts

14  to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal),

15  cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate

16  when four factors support dismissal or where three factors "strongly" support dismissal).

17       Dismissal under Rule 41(b) may be with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki

18  v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Under the circumstances of this case, dismissal without

19  prejudice is appropriate.

20       For the foregoing reasons, this action is dismissed without prejudice.

21       **It is so ordered**.

22

23  Dated:   January 30, 2017

24  _____
    Cormac J. Carney
25  United States District Judge

26

27

28

3